**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **WESLEY WORRELL,** ) ) **Plaintiff,** ) ) **v.** ) ) ) **UNITED STATES OF AMERICA,** ) ) **Defendant.** ) ) | **CIVIL ACTION** No. 04-2365-CM |

**MEMORANDUM AND ORDER**

Plaintiff Wesley Worrell brings this case claiming that defendant, the United States of America, improperly rejected plaintiff's claim for a tax refund on an amount erroneously assessed as a civil penalty pursuant to 26 U.S.C. § 6672 of the Internal Revenue Code ("I.R.C."). Plaintiff seeks a refund of all federal taxes erroneously paid and a reimbursement of all reasonable administrative and litigation costs. The case is before the court on defendant United States's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 6).

**I.    Facts**

On December 11, 1989, the Internal Revenue Service ("IRS") assessed plaintiff for civil penalties pursuant to I.R.C. § 6672 for failure to collect and pay 1986 and 1987 employment tax liabilities of Manley Truck Line, Inc. ("Manley"). Since 1990, plaintiff has voluntarily and involuntarily[1] made partial payments toward the penalties. On January 17, 2002, plaintiff sent a letter to the IRS seeking "abatement for the taxes/penalties currently pending against [plaintiff]." The letter did not specifically request a refund, but the enclosed statement in support of plaintiff's request

---

[1] Overpayments on plaintiff's individual income tax were credited to his penalties.

referred to the request as a "Claim for Refund." The statement also set forth factual and legal support for plaintiff's argument challenging the assessment, specifically that plaintiff was not involved with the payment of the debts of Manley and, thus, was not a proper person for assessment under I.R.C. § 6672. On February 27, 2002, the IRS denied plaintiff's request and issued a disallowance notice. The notice expressly stated that plaintiff had two years from the date the notice was mailed to bring a lawsuit challenging the disallowance.

On January 19, 2004, plaintiff made a partial payment of $101.68 toward the outstanding penalties. On January 21, 2004, plaintiff filed four Claims for Refund and Requests for Abatement (also referred to as a Form 843). The claims related to the following tax periods: April 1986 - June 1986; July 1986 - September 1986; October 1986 - December 1986; and January 1987 - March 1987. Each claim requested a refund of $25.42; the total refund request was for $101.68. Plaintiff attached a statement of factual and legal support to each claim. The statements re-alleged many of the facts set forth in the statement attached to the January 2002 letter. On May 12, 2004, the IRS sent a response letter to plaintiff's attorney notifying him that the expiration of the two-year statute of limitations period prevented the IRS from processing plaintiff's claims.

On August 5, 2004, plaintiff filed this lawsuit, seeking a refund of the January 19, 2004 partial payment.

**II.     Standard**

The court may only exercise jurisdiction when specifically authorized to do so, *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (quoting *Basso v. Utah Power & Light Co.*,

495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).  The party seeking to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.  *Basso*, 495 F.2d at 909.  When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed.  *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

A Rule 12(b)(1) motion to dismiss for lack of subject matter may go beyond the allegations in the complaint and challenge the facts on which subject matter jurisdiction depends.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  When reviewing a factual challenge, the court cannot accept the allegations in the complaint as true.  *Id.*  The court has wide discretion to consider evidence outside of the pleadings.  *Id.*  Consideration of extrinsic evidence does not convert a Rule 12(b)(1) motion into a motion for summary judgment unless the jurisdictional issue is intertwined with the merits of the case; the two are intertwined "if subject matter jurisdiction is dependant on the same statute which provides the substantive claim in the case."  *Id.*  Here, defendant raises a jurisdictional issue under I.R.C. § 6532(a)(1), which is not dependant upon I.R.C. § 6672, the statute under which plaintiff challenges the validity of the penalty, therefore, the court will consider evidence outside of the pleadings when determining whether it has subject matter jurisdiction.

**III.    Analysis**

Defendant makes a factual challenge to the court's subject matter jurisdiction arguing that the court does not have jurisdiction over this dispute because plaintiff's claims in this lawsuit are the same claims brought in plaintiff's 2002 request for abatement and claim for refund and because the I.R.C. § 6532(a)(1) two-year statute of limitation to challenge the 2002 IRS disallowance has expired.  Plaintiff argues that its 2002 request did not meet the formal requirements of a refund claim and thus cannot be a jurisdictional prerequisite to an action in the United States District Court.

Plaintiff further argues that its 2004 claims for refund are the jurisdictional prerequisite to this action.

"Filing a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit." *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993) (citation omitted). I.R.C. § 7422(a) provides that "[n]o suit or proceeding shall be maintained . . . for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for a refund . . . has been duly filed with the Secretary [of the Treasury] . . . ." I.R.C. § 6532(a)(1) further provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

Generally, a claim for refund must request a refund of taxes or penalties that have already been paid in full; this requirement, however, does not apply to a "divisible" tax such as the I.R.C. § 6672 penalties in this case. *Fidelity Bank, N. A. v. United States*, 616 F.2d 1181, 1182 n.1 (10th Cir. 1980). The Treasury Regulations set out the specific requirements for claiming a refund; but the IRS may waive the formal requirements and review a claim that departs from the proper form. *Angle*, 996 F.2d at 255 (citing *Tucker v. Alexander*, 275 U.S. 228, 231 (1927)). The waiver must be clear – "[t]he evidence should be clear that the Commissioner understood the specific claim that was made even though there was a departure from form in its submission." *Id.* (quoting *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 297-98 (1945)).

Plaintiff's 2002 request sought an abatement and refund of all taxes/penalties pending against plaintiff as of January 17, 2002. At that time, the IRS had assessed plaintiff tax penalties for the 1986 and 1987 employment tax liabilities of Manley and plaintiff had made several involuntary payments

-4-

toward the penalties. Although plaintiff's request did not follow the formal requirements of the Treasury Regulations, the IRS waived its formalities and considered plaintiff's request on the merits – the 2002 disallowance notice specifically states that the original assessment was based on a factual investigation and that the information plaintiff submitted in support of his request did not support a change in the original assessment. The letter also notified plaintiff of the two-year statute of limitations. Plaintiff's 2004 request related to the same penalty – the 1986 and 1987 Manley employment taxes. Although plaintiff made additional payments toward the penalties after the 2002 disallowance was issued, his request for a refund of these payments was essentially the same request he made in 2002.

A second claim that reasserts the first claim does not extend the first claim or the time to file a cause of action for the allegedly improper tax/penalties. *Kelson v. United States*, 503 F.2d 1291, 1292-93 (10th Cir. 1974). Therefore, the court finds that the 2002 request for abatement and refund met the jurisdictional prerequisite required by I.R.C. § 7422(a) and commenced the two-year statute of limitations. The court further finds that plaintiff's 2004 request cannot revive his claims contesting the 1986 and 1987 penalties because the IRS had already made a determination on the merits. Under the two-year statute of limitations set forth in I.R.C. § 6532(a)(1), plaintiff's time to file this action expired in February 2004. Thus, the court lacks subject matter jurisdiction to hear plaintiff's claims and must dismiss this cause of action.

**IT IS THEREFORE ORDERED** that defendant United States's Motion to Dismiss (Doc. 6) is granted.

Dated this 6th day of September 2006, at Kansas City, Kansas.

                                                   **s/ Carlos Murguia**
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**